# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 10-60078
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT LLOYD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CR-50-1

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Robert Lloyd was convicted of one count of assaulting a United States postmaster and one count of possession of a firearm during and in relation to a crime of violence. The district court sentenced him to serve a total of 221 months in prison and a five-year term of supervised release. We are now presented with Lloyd's challenges to his convictions.

First, he argues that his plea should be set aside due to flaws in his FED. R. CRIM. P. 11 proceedings. Specifically, Lloyd complains that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neglected to inform him of the elements of the firearms offense, the applicability of the Sentencing Guidelines, the right to compel witnesses, the right to persist in a plea of not guilty, and the right to counsel. Lloyd maintains that he did not understand the plea process and asserts that his plea should be set aside because his willingness to plead guilty was affected by the district court's failure to inform him of the items listed above.

Lloyd's failure to contemporaneously object to the alleged Rule 11 errors of which he now complains results in application of the plain error standard to these claims. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that his substantial rights have been infringed in connection with the entry of a guilty plea, the defendant must establish "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Our review of the record shows that many of the alleged omissions raised by Lloyd were in fact addressed by the district court. Although the district court may not have used certain words that Lloyd avers should have been recited, we have long held that Rule 11 does not mandate that the district court employ talismanic phrases. *See United States v. Bachynsky*, 949 F.2d 722, 726 (5th Cir. 1991). Further, our review of the entire record does not show a reasonable likelihood that Lloyd would not have pleaded guilty absent the purported Rule 11 errors. *See Dominguez Benitez*, 542 U.S. at 83, 85 ; *Vonn*, 535 U.S. at 74-75. We reject Lloyd's claim that his plea should be set aside for want of a proper Rule 11 colloquy.

Next, Lloyd argues that the district court abused its discretion by denying his motions to withdraw his guilty plea. This argument meets the same fate as his first claim. In determining whether a district court has abused its discretion in denying a motion to withdraw a guilty plea, this court considers a number of factors, including assertions of innocence, delay in moving to withdraw, the availability of close assistance of counsel, and the voluntariness of the plea. *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). As the district court concluded, all of these factors weigh against granting Lloyd's motions.

Lloyd's naked assertion of innocence is not credible, especially in light of his sworn assertions at rearraignment. *See United States v. McKnight,* 570 F.3d 641, 649 (5th Cir. 2009). Lloyd does not dispute the district court's conclusions that allowing him to withdraw his plea would prejudice the Government, waste judicial resources, and inconvenience the court; our review of the record leads us to agree with the district court with respect to these factors. We likewise see no error in connection with the district court's conclusions that the record shows that Lloyd enjoyed close assistance of counsel and knowingly and voluntarily entered his guilty plea. The record confirms the district court's determination that Lloyd unreasonably delayed bringing his request to withdraw his plea. Lloyd has not established that the district court abused its discretion in denying his motion to withdraw. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.